IN THE UNITED STATE DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| TODD CLEAVENGER, ET AL., | Case No.: 5:21-CV-00557 |
| PLAINTIFFS, | JUDGE BENITA Y. PEARSON |
| VS. | **OPPOSITION TO PLAINTIFF'S MOTION TO SUPPLEMENT OR AMEND COMPLAINT; IN THE ALTERNATIVE, MOTION TO DISMISS PER FRCP 12(B)(6)** |
| CITY OF BARBERTON, ET AL., | |
| DEFENDANTS. | |

Now come Defendants Ty Graham and Joseph Mittica, through undersigned counsel and submit their opposition to Plaintiff's Motion to Supplement or Amend the Complaint, filed on March 9, 2021. In the alternative, it is requested pursuant to Rule 12(b)(6)[1] of the Federal Rules of Civil Procedure that this Court dismiss plaintiff's claims against these Defendants with prejudice on the grounds of absolute immunity. A memorandum in support is filed with this motion.

    Respectfully submitted,
    **SHERRI BEVAN WALSH**
    Prosecuting Attorney
    */s/ Colleen Sims*
    **Colleen Sims (0069790)**
    Assistant Prosecuting Attorney
    53 University Avenue, 6th Floor
    Akron, Ohio  44308
    (330) 643-8138 and fax (330) 643-8708
    simsc@prosecutor.summitoh.net
    Counsel for the Graham and Mittica

---

[1] Counsel for Ty Graham and Joseph Mittica is aware of the standing orders regarding motions to dismiss, however, as noted in the procedural history, Plaintiff has asked for the Court's permission to file an amended complaint, rather than filing an amended complaint. These parties are not named in the original complaint. Because plaintiff is incarcerated, with no access to email or a personal phone, and the timeframe to which to respond to Plaintiff's motion, the request to dismiss the supplemental complaint is being made with this filing.

**MEMORANDUM**

## I. STATEMENT OF FACTS

### A. *Procedural History*

On January 29, 2021, a complaint was filed in the Summit County Court of Common Pleas alleging the right to recovery under 42 U.S.C. Sec. 1983 and other causes of action. With the consent of all the served Defendants, a notice of removal was filed on March 10, 2021 (Doc#: 1). The day before the notice of removal was filed, Plaintiff filed a motion to supplement and/or amend complaint adding parties including Joseph Mittica and Ty Graham. These two people are not listed as parties in the original complaint. Joseph Mittica and Ty Graham were served with the original complaint, along with the aforementioned motion and exhibits, on March 12, 2021. The motion also contains additional allegations against already named Defendants, including the Summit County Sheriff's Department.

### B. *The Motion to add onto the Complaint*

In paragraph 5 of the motion to supplement the complaint, Plaintiff correctly identifies Ty Graham as the Assistant Prosecuting Attorney for the Summit County Prosecutor's office. The motion does not state Defendant Mittica's role, but the partial transcript attached to the motion demonstrations Ty Graham and Joseph Mittica are assistant county prosecutors appearing on behalf of the state of Ohio. (Ex. "F-1", p. 140 of attachment, labelled Transcript of Proceedings Vol. 2 of 6). Two other attorneys appear on behalf of Todd Cleavenger. *Id.* In paragraph 28 of said filing, Plaintiff claims Defendants Mittica and Graham "misled, lied, manipulated false evidence and testimony from multiple individuals involved" in the criminal prosecution of

Plaintiff. In paragraph 29 of said filing he claims Defendants Mittica and Graham violated multiple rules of professional conduct in presenting false evidence. In paragraph 30 Plaintiff claims these action were done maliciously and in bad faith. Plaintiff alleges Defendant Mittica and Graham failed to research information and presented false evidence (Para. 32 to 37). Plaintiff claims Defendants, including Defendants Graham and Mittica, communicated unidentified falsified and fabricated information to members of the community (Para. 43). Plaintiff alleges Defendants, including Graham and Mittica, made false statements with the purpose to mislead or impede the investigation of crimes against the Plaintiff (Para. 45). Plaintiff repeatedly claims unidentified false evidence was presented to multiple parties (Para. 45 to 48). Plaintiff alleges Defendants Mittica and Graham interfered with his civil rights (Para. 51 to 56).

Plaintiff attached 200 pages of a transcript to the complaint he motions to add onto the original, but the transcript is not continuous. The transcript starts a page 259 then jumps to 267, from 269 it jumps to 279, skips 280, pages 282 to 287, 290, and then jumps from 291 to 313. Page 320, 322, 323 are missing then the transcript jumps from page 325 to page 375. As shown in the part of the transcript that was included, Defendant Graham is playing a video. (Ex. "C-7" p. 32 of the attachment, trans. p. 458). The transcript reveals there was testimony about a woman who was brutally beaten (Ex. "C-38" p. 63 of the attachment, p. 496).

## II. LAW AND ARGUMENT

### A. *Plaintiff's Request to Supplement or Amend his Original Complaint*

The supplemental complaint strengthens arguments that Plaintiff fails to show a right to recovery. The portions of the transcript reveal multiple witnesses testified in court against Todd Cleavenger and these witnesses were subject to cross examination. (pages 259, 313, 482, 510, 553, 554, 560 and 598, also see index, page 141 of attachment). Plaintiff is asserting

misinformation was presented, but only asserts his opinion to corroborate these allegations. In the case of *Detwiler v. S. Health Partners*, a pro se claimant filed amended and supplemental complaints alleging constitutional violations based on inadequate medical care. No. 3:16-CV-P343-DJH, 2017 WL 424883, at *4 (W.D. Ky. Jan. 31, 2017). The court dismissed the amended and supplemental complaint finding the complaints did not plead a constitutional violation and the pending motions were denied as moot. In this case, whether the March 9th filing is a supplement to the original complaint or a motion, the allegations mirror the same conclusory allegations Plaintiff made in his original complaint without specificity. Further, Plaintiff attaches portions of a transcript demonstrating a trial took place, Todd Cleavenger had representation, and witnesses were cross-examined about their testimony.

Plaintiff has the right to ask the Court to file an amended complaint, but attempting to paste new sections to the original complaint is not the proper manner to amend. The amended complaint is meant to supersede or replace the original complaint. *Wolcott v. Willis of Ohio, Inc.,* N.D.Ohio No. 4:16CV0316, 2016 WL 5940932, *2, citing 6 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1476 (3d ed. 2010), *Drake v. City of Detroit, Michigan*, 266 Fed.Appx. 444, 448 (6th Cir. 2008).

### B. *Standard of Review to Dismiss a Complaint for Failure to State a Claim*

A court should dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) "if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *B Squared, Inc. v. Natl. City Bank*, N.D.Ohio No. 106CV1802, 2007 WL 1452619, *1 (May 14, 2007) quoting *Wright v. MetroHealth Medical Ctr.,* 58 F.3d 1130, 1138 (6th Cir.1995), *quoting Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). When a court reviews a motion to dismiss, it accepts all

3

allegations of the complaint as true, construes the facts in the light most favorable to the non-moving party and draws any reasonable inferences in favor of the non-moving party. *B Squared, Inc.* at *1 citing *Central States Pension Fund v. Mahoning Nat'l Bank,* 112 F.3d 252, 255 (6th Cir.1997).

In order to survive a motion to dismiss, Plaintiff's allegations must go beyond labels and legal conclusions couched as factual allegations. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). "[I]t demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation". *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), citing *Twombly* at 555, citing *Papasan* at 286. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement" *Iqbal*, at 681, citing *Twombly* at 557.

> When resolving a motion to dismiss pursuant to Rule 12(b)(6), the Court may consider the complaint and any attached exhibits, public records, items appearing in the record of the case, and exhibits attached to the defendant's motion to dismiss provided they are referenced in the complaint and central to the claims therein.

*Wizinsky v. Leelanau Cty.,* No. 1:19-CV-894, 2020 WL 6597637, at *7 (W.D. Mich. Aug. 20, 2020), *report and recommendation adopted,* No. 1:19-CV-894, 2020 WL 5809998 (W.D. Mich. Sept. 30, 2020), citing *Bassett v. Nat'l Collegiate Athletic Ass'n.*, 528 F.3d 426, 430 (6th Cir. 2008). As shown below, the complaint, both original and amended, fail to show how prosecutorial immunity does not apply.

4

*C. Absolute Immunity Standard for Prosecutorial Functions*

Summit County Prosecutors Graham and Mittica are absolutely immune from civil liability from 42 USC § 1983 claims related to the performance of prosecutorial functions. *See Burns v. Reed*, 500 U.S. 478, 486 (1991). Prosecutors also enjoy absolute immunity from common law malicious prosecution claims as well. *Imbler v. Pachtman*, 424 U.S. 409, 427, 96 S.Ct. 984, 993, 47 L.Ed.2d 128 (1976). Per *Imbler,* the plaintiff has no civil redress against the prosecutors in this case, specifically prosecutors Graham and Mittica. *Id.*

In determining immunity, a court must examine "the nature of the function performed, not the identity of the actor who performed it." *Kalina v. Fletcher*, 522 U.S. 118, 127 (1997) quoting *Forrester v. White*, 484 U.S. 219, 229 (1988). A prosecutor's decision to initiate a prosecution, including the decision to file a criminal complaint or seek an arrest warrant, is protected by absolute immunity because it is prosecutorial in nature. *Howell v. Sanders*, 668 F.3d 344, 351 (6th Circ. 2012). This immunity also includes the evaluation of evidence against a defendant and presentation of that evidence at pre-trial and trial proceedings, *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir.2003) quoting *Imbler v. Pachtman*, 424 U.S. 409, 427, 96 S.Ct. 984, 993, 47 L.Ed.2d 128 (1976). "Absolute immunity applies to "acts ... includ[ing] the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before a grand jury after a decision to seek an indictment has been made."" *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir.2003) citing *Buckley v. Fitzsimmons,* 509 U.S. 259, 273, 113 S.Ct. 2606, 125 L.Ed.2d 209 (1993).

Absolute immunity broadly and resoundingly protects a prosecutor from civil liability. The immunity even encompasses a situation where a prosecutor knowingly elicited false testimony. *Spurlock v. Thompson*, 330 F.3d 791, 797 (6th Cir.2003) citing *Imbler v. Pachtman*,

424 U.S. 409, 427, 96 S.Ct. 984, 993, 47 L.Ed.2d 128 (1976); see also *Buckley v. Fitzsimmons*, 919 F.2d 1230, 1243 (7th Cir.1990). The decision to prosecute is protected by absolute prosecutorial immunity regardless of whether the decision is made with or without probable cause. *Smith v. Rybek*, S.D.Ohio No. 2:11-CV-777, 2012 WL 3025102, *5 (July 24, 2012) citing *Drake v. Rowland,* 2:09–CV–824, 2010 WL 3470483, at *4 (S.D.Ohio Sept.2, 2010), *aff'd,* 463 F. App'x 523 (6th Cir.2012). A suit was dismissed against prosecutors that alleged they destroyed and falsified evidence. *Heidelberg v. Hammer*, 577 F.2d 429, 432 (7th Cir.1978) Prosecutors have absolute immunity from "suits for malicious prosecution and for defamation, and ... this immunity extend[s] to the knowing use of false testimony before the grand jury and at trial." *Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010)(citing Burns, 500 U.S. at 484). Absolute immunity applies to "acts ... includ[ing] the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before a grand jury after a decision to seek an indictment has been made." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

To afford prosecutors only qualified immunity would have an "adverse effect upon the functioning of the criminal justice system." *Imbler v. Pachtman*, at 426. The prosecutor's office would lose the trust of the public if he or she were constrained in making every decision by the consequences in terms of his or her own potential liability. *Id.*at 424. To determine whether absolute immunity attaches in a particular case, the court must look to the "nature of the function performed." *Higgason v. Stevens*, 288 F.3d 868, 877 (6th Cir. 2002). Accepting the complaint allegations as true and applying experience and common sense, the only conclusion is that the Plaintiff is alleging violations based on the decision of the named employees of the Prosecutor's decision to pursue criminal charges against him relying on a fraudulent investigation and

6

ignoring exculpatory evidence. Because of the broad protections of absolute prosecutorial immunity, even if the prosecutors relied on a fraudulent investigation, he has no viable civil claim.

The Sixth Circuit has consistently held that a prosecutor's decisions to file a criminal complaint and seek an arrest warrant are protected by absolute immunity. See, e.g., *Ireland v. Tunis*, F.3d 1435 (6th Cir. 1997); Thus, the decisions to prosecute and to seek an arrest warrant are "integral parts of the judicial process" shielding Defendants Graham and Mittica from this suit. In *Kalina v. Fletcher*, 522 U.S. 118, 129, 118 S. Ct. 502, 139 L. Ed. 2d 471 (1997), the U.S. Supreme Court again held that a prosecutor's activities in connection with the preparation and filing of the charging documents are protected by absolute immunity.

### C. *The Absolute Immunity Standard As Applied To Prosecutors Sued As Individuals*

The *Imbler* Court held that the common law principal of absolute immunity for prosecutors applies to section 1983 claims. *Beckett v. Ford*, N.D.Ohio No. 3:06CV1319, 2007 WL 2891122, *4 (Sept. 28, 2007) aff'd, 384 Fed.Appx. 435 (6th Cir.2010). Prosecutorial immunity bars Plaintiff's suit against the Prosecutors Graham and Mittica who were each sued individually. In *Skinner v. Goverchin,* the plaintiff could not assert the prosecutor improperly garnished his wages because the actions were intimately associated with the judicial proceedings. 463 F.3d 518, 525 (6th Cir.2006). In *Millen v. Mason*, the plaintiff asserted the prosecutor "overzealously" went to the grand jury for an indictment. N.D.Ohio No. 1:11 CV 2701, 2012 WL 629998, *1-2 (Feb. 27, 2012). However, the court found no viable claim in that the prosecutors were absolutely immune from being sued for their actions in prosecuting the criminal case. *Id.* at *2-3. All of the conduct in which Plaintiff alleges the Prosecutors participated

7

is tied to the judicial process and functioning of the office of the Prosecutor.

## III. CONCLUSION

Plaintiff has failed to state a claim upon which relief can be granted pursuant to rule 12(b)(6). Plaintiff's Complaint fails to identify with any particularity how Defendants acted outside their prosecutorial functions. The individually named Defendants enjoy absolute immunity in their roles as Summit County prosecutors. Plaintiff has proffered no facts or evidence showing that defendants acted outside the scope of their duties in preparing for or trying his case. For the reasons stated above, Defendants Graham and Mittica respectfully request this Court, either deny Plaintiff's request to add them as Defendants or grant a motion to dismiss in the alternative.

Respectfully submitted,

**SHERRI BEVAN WALSH**
Prosecuting Attorney

*/s/ Colleen Sims*
**Colleen Sims (0069790)**
Assistant Prosecuting Attorney
53 University Avenue, 6th Floor
Akron, Ohio 44308
(330) 643-8138 and fax (330) 643-8708
simsc@prosecutor.summitoh.net
Counsel for County Defendants Graham and Mittica

## CERTIFICATE OF SERVICE

    I hereby certify that on March 22, 2021 a copy of the foregoing instrument was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system and to Plaintiff, via U.S. Mail, on March 23, 2021, at the following address:

Todd Cleavenger
#A763634
Richland Correctional Institution
P.O. Box 8107
Mansfield, OH 44901

            /s/*Colleen Sims*
            **COLLEEN SIMS (0069790)**
            Assistant Prosecutor
            Civil Division
            Counsel for County Defendants