PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| TODD CLEAVENGER, *et al.*, ) | |
| ) | CASE NO. 5:21CV557 |
| Plaintiffs, ) | |
| ) | JUDGE BENITA Y. PEARSON |
| v. ) | |
| ) | |
| CITY OF BARBERTON, *et al.*, ) | **ORDER** |
| ) | [Resolving ECF Nos. 5, 6, 8, and 9] |
| Defendants. ) | |

Pending before the Court is Plaintiffs' Motion to supplement or amend their complaint (ECF No. 9), to which Defendants Grahm and Mittica have filed a response in opposition (ECF No. 6). Also pending are Defendants' Barberton, Davis, Green, Judge, Miller, Mingle, Morber, and Russell's motions for judgment on the pleadings (ECF No. 5) and to strike or for a more definite statement (ECF No. 8). For the following reasons, the Court denies each of the defense motions, and grants Plaintiffs' motion. The Court will conduct the required review of Plaintiffs' operative complaint under 28 U.S.C. § 1915A. Should the operative complaint survive § 1915A screening, the Court will schedule a Case Management Conference.

**Background**

On January 29, 2021, Plaintiffs filed a complaint in the Summit County Court of Common Pleas, Case No. CV-2021-01-0326, against numerous defendants, including the City of Barberton; William Judge; Vince Morber; Robert Russell; Brian Davis; "Charles Mingle or Ron Mingle";

(5:21CV557)

Michael Green; several John Doe police officers; Summit County, Ohio; Summit County Sheriff's Dept.; Summit County Sheriff, Steve Barry; and Lisa Miller. ECF No. 1-2.

On March 9, 2021, Plaintiffs filed a motion to supplement or amend their complaint in state court. *See* ECF No. 9. Plaintiffs seek leave to name additional defendants Herbert Shields, Amanda Shields, Joseph Mittica, Ty Graham, and B. Cresswell, to and incorporate additional claims into the original Complaint. *Id.* Plaintiffs assert that they "reallege, reaver, and incorporate all the facts stated in paragraphs 1-20 of the first original Complaint as if fully rewritten herein." *Id.* at PageID #204.

The following day, on March 10, 2021, the multiple defendants filed a joint Notice of Removal to this Court. *See* ECF No. 1.

### Plaintiff's Motion to Supplement and/or Amend

The Court grants Plaintiffs' motion to supplement or amend. Leave to amend should be freely granted absent any apparent undue delay, bad faith, or dilatory motive by the movant, "'repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party'" by allowing the amendment, or "'futility of amendment'" *Pittman v. Experian Information Solutions, Inc.*, 901 F.3d 619, 640-641 (6th Cir.2018) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). And granting a movant an opportunity to amend his or her Complaint is within the discretion of the Court. *Id.*

Here, the proposed amended complaint is Plaintiffs' first, and was filed prior to any responsive pleadings and prior to removal to this Court. Four of the five defendants Plaintiffs seek to add or replace previously unnamed "John Doe" defendants. Furthermore, there is no apparent prejudice to Defendants or apparent bad faith or dilatory tactic by Plaintiffs.

(5:21CV557)

Plaintiffs' supplemental complaint, along with the original, shall be construed as one collective complaint for the purposes of the Court's § 1915A review. An amended complaint generally supersedes the original complaint, rendering the original complaint null and void. *Drake v. City of Detroit*, 266 Fed.Appx. 444, 448 (6th Cir. 2008) (unpublished). The Sixth Circuit, however, recognizes an exception to this general rule where the moving party "evinces an intent for the amended pleading to supplement rather than supersede the original pleading." *Braden v. United States*, 817 F.3d 926, 930 (6th Cir. 2016). When "the amended petition [is] not 'complete in itself' and ... it referred to and adopted the prior petition, the amended petition [does] not supersede the original petition." *Id.* at 931 (citing *Shreve v. Franklin Cty.*, Ohio, 743 F.3d 126, 131 (6th Cir. 2014)). Plaintiffs are cautioned that the Court will likely require that they file a single, concise, complaint after the collective Complaint is screened in accordance with § 1915A..

Here, in their motion to amend, Plaintiffs refer to their original complaint, stating that they identify previously unnamed "John Doe" defendants, adds additional facts, and incorporate additional counts. *See* ECF No. 9 at PageID # 203. Furthermore, in the attached "Amended Complaint," Plaintiffs "reallege, reaver, and incorporate all the facts stated in paragraphs 1-270 of the original Complaint as if fully rewritten herein." *Id.* at PgeID #204. This Court finds that Plaintiffs evince an intent for the amended pleading to supplement rather than supersede the original pleading. Plaintiffs' Amended Complaint is therefore not "complete in itself" and the Court construes the original Complaint and Plaintiffs' Amended Complaint as one collective "operative Complaint."

(5:21CV557)

### Defendants' Motions

To the extent Defendants' motions or responsive pleadings pertain solely to Plaintiffs' original Complaint, their motions are denied as moot, including Barberton Defendants' Motion for Judgment on the Pleadings (ECF No. 5). Barberton Defendants' Motion to Strike Amended/Supplemental Complaint or For More Definite Statement (ECF No. 8) is denied as to striking and denied as moot as to its request for a more definite statement. All Defendants shall have 14 days in which to answer or otherwise respond to Plaintiffs' collective pleadings, *i.e.*, the operative Complaint.

To the extent that Defendants Herbert Shields; B Cresswell; and Amanda Shields, RN, who were served in state court after the removing Defendants removed the case, but had not yet appeared, have been unable to respond to this litigation because they were not named as parties in this District before the issuance of this order, the Court will consider timely any appearance, answer, or motion filed in response to the operative complaint filed within 14 days of the issuance of this order.[1]

### Conclusion

For the reasons stated herein, the Court denies each of the defense motions (ECF Nos. 5, 6, 8), and grants Plaintiffs' motion (ECF No. 9). The Court will conduct the required review of Plaintiffs' (collective) operative Complaint under 28 U.S.C. § 1915A. Should the operative complaint survive § 1915A screening, the Court will schedule a Case Management Conference.

---

[1] It is the Court's understanding that counsel for at least one of these parties has contacted the Clerks' office seeking information regarding how to appear in this matter. Counsel should have no difficulty appearing on behalf of their clients once the Clerks' office has updated the docket in accordance with this order.

4

(5:21CV557)

       The Clerk's Office is ordered to consider ECF Nos. 9-1 and 9-2 as supplements to the Complaint, ECF No. 1-2. Collectively, those documents are the operative Complaint.

       IT IS SO ORDERED.

| | |
|---|---|
|   April 12, 2021 |   */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |